DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 ____________________ CARR, Judge.
 Appellant-defendant Gregory Corcelli appeals from a conviction in the Cuyahoga Falls Municipal Court for violation of Cuyahoga Falls Codified Ordinance 549.10. This Court affirms.
On July 18, 1998, Corcelli was arrested for violation of Cuyahoga Falls Codified Ordinance 549.10, which prohibits, among other things, the possession of a knife with a blade of two and one-half inches in length or longer without proper justification. Corcelli subsequently pleaded not guilty to the charge. Prior to the commencement of trial, Corcelli moved to dismiss the charge against him on the grounds that the ordinance was unconstitutional. The motion was denied, as was Corcelli's motion for acquittal, and Corcelli was found guilty in a trial to the bench on August 20, 1998.
Corcelli timely appeals, raising two assignments of error.
 Assignment of Error No. I The trial court erred in not finding the ordinance under which appellant was charged as being unconstitutional.
 Assignment of Error No. II The trial court erred in not finding defendant not guilty after trial.
This Court notes at the outset that, although Corcelli has claimed two assignments of error, he has failed to argue them separately in his brief and his assignments of error may therefore be disregarded under App.R. 12(A) (2). Nevertheless, this Court will consider Corcelli's arguments in the interest of justice.
In his first assignment of error, Corcelli argues that the trial court should have found Cuyahoga Falls Codified Ordinance 549.10 to be unconstitutional. Specifically, Corcelli contends that the ordinance "prohibits a substantial amount of innocent activity without [containing a] sufficient number of exceptions" and that its prohibitions have no rational connection to protecting the public from violent activity involving knives. These arguments are not well taken.
Cuyahoga Falls Codified Ordinance 549.10 provides:
 (a) No person shall carry a * * * knife having a blade two and one-half inches in length or longer * * * on or about the person without proper justification. "Proper justification" includes, but is not limited to, the right of law enforcement officers and other persons specifically authorized by law to be armed within the scope of his duties. It shall be an affirmative defense to a violation of this section, if it appears that the defendant was at the time engaged in a lawful business, employment or occupation, or that the circumstances in which he was placed justified a prudent man to possess such weapon for the defense of his person, property or family.
 (b) Whoever violates this section is guilty of a misdemeanor of the fourth degree.
In arguing that this ordinance is unconstitutional, Corcelli relies upon Akron v. Rasdan (1995), 105 Ohio App.3d 164, in which this Court struck down what Corcelli alleges was an analogous ordinance. The ordinance at issue in Rasdan
provided that "`[n]o person shall carry on or about his person * * * a knife having a blade two and one-half inches in length or longer.'" Id. at 168, quoting former Akron Codified Ordinance 137.02(A). The Rasdan ordinance only provided for an exception "when a person is `engaged in a lawful business, calling employment, or occupation' and the circumstances justify `a prudent man in possessing such a weapon for the defense of his person or family.'" (Emphasis deleted.) Id. at 171, quoting former Akron Codified Ordinance 137.02(A). Therefore, the Rasdan ordinance failed to provide sufficient exceptions for "inherently innocent, harmless, and useful" conduct and instead criminalized what this Court found to be "anunreasonable amount of innocent activity." (Emphasissic.) Id. at 173-174. As such, this Court found the scope of the Rasdan ordinance unreasonable.
The ordinance involved in the instant case, however, is distinguishable from the Rasdan ordinance in that it provides an exception for individuals carrying a knife with a blade of two and one-half inches or longer if that individual possesses proper justification. Unlike the Rasdan
ordinance, what Cuyahoga Falls Codified Ordinance 549.10 prohibits is not all possession of knives with blades two and one-half inches or longer, but only possession of such knives without proper justification. Accordingly, the ordinance does not impose criminal liability for an unreasonable amount of innocent behavior and Corcelli's reasoning is not well taken.
Corcelli's argument that the ordinance fails to have a rational basis also fails. This Court has previously explained that "[u]nder the rational basis test, a statutory prohibition is constitutionally valid if it bears a real and substantial relationship to the public's health, safety, morals, or general welfare and is not unreasonable or arbitrary." (Emphasis sic.) Rasdan, supra, at 173. As in Rasdan, the ultimate objective of the ordinance at issue herein "is to protect the public from the violent use of knives." Id. Corcelli does not present an argument to the contrary; in fact, he does not present any argument on this issue other than stating that the ordinance "fails to protect the public by rational connection from violent activity using knives." Given the rational basis behind the ordinance and its exception for innocent activity, this Court rejects Corcelli's first assignment of error.[1]
In his second assignment of error, Corcelli appears to contest the weight and sufficiency of the evidence against him in stating that "[h]is direct testimony, cross-examination, redirect and recross-examination were unrebutted and show that he met both the exemptions of using this knife in his employment and [that he] was a person in such circumstances that a prudent person would go armed for his defense." Corcelli argues that he sufficiently proved two affirmative defenses to a violation of the ordinance. This Court disagrees.
The Supreme Court of Ohio has explained the standard this Court must apply in addressing challenges to the manifest weight of the evidence:
 "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."
State v. Thompkins (1997), 78 Ohio St.3d 380,387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. This examination of the record is not concerned with the mere amount of evidence; rather,
 [w]eight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."
(Emphasis sic.) Id., quoting Black's Law Dictionary (6 Ed. 1990) 1594.
R.C. 2901.05(A) provides that "[t]he burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused." In the instant case, although Corcelli attempted to prove the existence of both affirmative defenses provided for in Cuyahoga Falls Codified Ordinance 549.10, the trial court nonetheless found that the city had proved its case against him beyond a reasonable doubt.
The testimony adduced at trial was as follows. The city of Cuyahoga Falls law enforcement officer who had arrested Corcelli testified that on July 18, 1998, at approximately 2:30 in the morning, he had stopped a vehicle for a traffic violation. The driver of the vehicle was arrested for driving under the influence. Corcelli was a passenger in the front seat of the vehicle and was asked by the officer if there were any weapons or drugs present. Another passenger in the back seat surrendered drugs and drug paraphernalia. The officer then asked the passengers to exit the vehicle.
According to the officer, when Corcelli exited the vehicle he was asked whether he was in possession of any weapons or drugs. Corcelli responded that he was not. Concerned, the officer conducted a pat-down of Corcelli and discovered that Corcelli was carrying a knife with a four-inch blade. The officer testified that he then asked Corcelli why he was carrying the knife, and Corcelli responded that he was carrying it for protection. No other reason was given.
Corcelli then testified on his own behalf. He testified that he used the knife in question for splicing wires as part of his employment. He also testified that the boyfriend of a woman whom he knew had threatened to beat him up for having sexual relations with the woman. Corcelli stated that, "if it came down to it, [he] would probably have used [the] knife" to defend himself against the woman's boyfriend. However, on cross-examination, Corcelli conceded that he had been picked up from work approximately six and one-half hours earlier and that he and his companions had made a number of stops at various locations in Akron and Cuyahoga Falls prior to being pulled over by the officer. At no time was any testimony offered that Corcelli was in any way involved in his occupation that evening and early morning, or that any of the stops were work-related. He also repeatedly testified that he had no expectation that he would encounter the individual who had allegedly threatened him, and that, at the beginning of the night, he did not expect to even be in the same city in which the man lived.
In reviewing this testimony, this Court remains cognizant of the well-settled principle that assessments of witness credibility are primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Accordingly, this Court finds that the evidence presented at trial failed to establish an affirmative defense for Corcelli and that the evidence weighed heavily in favor of convicting him for a violation of Cuyahoga Falls Codified Ordinance 549.10. The trial court was therefore entitled to disbelieve Corcelli's claim that he was carrying the knife for protection in light of his repeated testimony that he had no expectation of encountering the individual who had allegedly threatened him, an individual who Corcelli conceded he could not identify, because he had only seen the man from a distance and did not know what the man looked like. Further, according to Corcelli's own testimony, he was not at work and was not engaged in his occupation at the time of his arrest; he had, in fact, departed work some six and one-half hours earlier and had by then made several stops at various locations, none of which were claimed to have been related to his employment. This is not the rare case in which the trier of fact, in weighing all of the evidence, clearly lost its way and reached a decision contrary to the manifest weight of the evidence.
Further, this Court has previously noted that "[b]ecausesufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis sic.) State v.Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported. Having found that Corcelli's conviction was not against the weight of the evidence, this Court therefore need not discuss further any implied challenge to the sufficiency of the evidence.
Corcelli's two assignments of error are overruled. Accordingly, the judgment of the municipal court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Cuyahoga Falls Municipal Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT
WHITMORE, J.
CONCURS
BAIRD, P. J.
DISSENTS
[1] Corcelli has not raised, and consequently this Court does not address, any challenge that the ordinance is void for vagueness.